IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LIAM COLTON JAMES HENSLEY, | Cause No. CV 25-218-M-SPW |
| Petitioner, | |
| vs. | ORDER |
| WARDEN JIM SALMONSEN, | |
| Respondent. | |

Pending before the Court is a petition for writ of habeas corpus relief filed by state pro se prisoner Liam Colton James Hensley ("Hensley") pursuant to 28 U.S.C. § 2254. (Doc. 1.) This Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2).

**Background/Hensley's Claims**

Hensley was charged in Montana's Eleventh Judicial District, Flathead County, with Assault with a Weapon. Following a guilty plea, he was sentenced to 20 years at Montana State Prison, with 13 of the years suspended. The District Court also imposed a 7-year parole restriction. (Doc. 1 at 2-3.) Hensley did not

1

file a direct appeal, but he did seek review of his sentence with the Montana Sentence Review Division. (*Id.* at 3.) Hensley then sought habeas relief in the Montana Supreme Court, which was subsequently denied. (*Id.* at 4.) A copy of the Court's order, *Hensley v. Salmonsen*, OP 25-0693, Ord. (Mont. Dec. 2, 2025), is attached to Hensley's pending petition. *See*, (Doc. 1-1.) There Hensley argued that the sentencing court should have held a sentence reduction hearing and should have ordered status reports as required by state law. (*Id.* at 1.)

The Montana Supreme Court set forth the following background:

> In August 2022, the State charged Hensley with three felonies. As Hensley was seventeen years of age at the time, the State filed the charges in District Court, pursuant to §41-5-206(2), MCA.[1] On August 19, 2022, the District Court denied Hensley's motion to transfer the matter to Youth Court. Hensley and the State entered into a plea agreement in exchange for dismissal of two felonies. On March 16, 2023, the District Court sentenced Hensley to the Montana State Prison for a twenty-year term with thirteen years suspended and imposed a seven-year parole eligibility restriction.[2] The State points out that the District Court did not reference §41-5-2503(1)(c), MCA,[3] requiring status reports in its written judgment.

---

[1] This statute provides that the county attorney "shall file with the district court a petition for leave to file an information in district court if the youth was 17 years of age at the time the youth committed" certain enumerated offenses. Assault with a Weapon is one of these enumerated offenses. *See*, §41-5-206(1)(b)(v), MCA.

[2] On February 12, 2024, the Sentence Review Division modified the written judgment by striking the parole eligibility restriction.

[3] This statute provides that the district court, in sentencing a youth adjudicated in district court pursuant to §41-5-206, shall: "order the department to submit a status report to the court, county attorney, defense attorney, and juvenile probation officer every 6 months until the youth attains the age of 21. The report must include a recommendation from the department regarding the disposition of the criminally convicted youth."

>The State provides, however, that a Case Progress Review was filed with the District Court. Furthermore, the State moved the District Court on May 28, 2025, for an order requesting status reports to be submitted by the Department of Corrections ("DOC"). This motion was only served upon Hensley's prior counsel, and the District Court granted the motion. On October 6, 2025, the DOC submitted a status report to the court, serving the Flathead County Office of the Public Defender ("OPD") and not Hensley.

(*Id.* at 1-2.)

The State went on to argue that the relief Hensley actually sought was an amended judgment and sentence requiring DOC status reports under §41-5-2503, in order to provide him an opportunity for sentence review pursuant to §41-5-2510. The State argued that Hensley had actually received his requested relief but that the June 2025 court order and the October 2025 status report were not served upon Hensley or forwarded to Hensley by the OPD. The State also included a status report for May 2023 and three youth status reports from 2024 and 2025 along with its response. Accordingly, the State argued Hensley's claims were moot. (*Id.* at 2.)

The Court agreed with the mootness argument. It held that the June 2, 2025, District Court's order complied with state law by imposing the DOC's status report requirement until Hensley reaches the age of 21, pursuant to the Youth Court Act and disposition of a criminally convicted youth under §41-5-2503(3), MCA. The District Court was directed to personally serve Hensley with any future status reports. (*Id.*)

3

The Court also found that Hensley did not establish a due process violation. He received notice of the State's conditions within the March 5, 2021 Petition under the Extended Prosecution Jurisdiction Act. Specifically, Hensley was advised: "If the Youth's case is designated as an Extended Jurisdiction Juvenile Prosecution pursuant to MCA §41-5-1602, the Youth could receive an adult penalty up to and including the maximum criminal penalty listed under each offense pursuant to MCA §41-5-1604." (*Id.*) Further, Hensley appeared with counsel in various court proceedings, where he would have had the opportunity to object to prosecution under the Act. Thus, Hensley was provided with all the process he was due. (*Id.* at 2-3.) Hensley did not demonstrate a facially invalid sentence or that his incarceration was illegal; the petition was denied. (*Id.* at 3.)

In the instant petition, Hensley argues that his right to due process was violated because he was not sentenced under the Criminally Convicted Youth Act ("CCYA"). (Doc. 1 at 4.) He explains he was prosecuted and sentenced as a youth, but that nowhere in his judgment does it state that he was sentenced as a youth or under the CCYA, or that §§41-5-2503 and 41-5-2510 apply to his case. (*Id.*) Hensley also contends that failure to sentence him under the CCYA and its rehabilitative guidelines violates the Eighth Amendment. (*Id.* at 5.) He asks this Court to order an amended judgment in his state case and direct that he be sentenced under the CCYA and its rehabilitative guidelines. (*Id.* at 7.)

4

**Analysis**

As a preliminary matter, it appears that Hensley's Eighth Amendment claim is unexhausted and now, procedurally defaulted. A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). Generally, Courts will not hear such claims, unless a petitioner can excuse his non-compliance. But a federal court is empowered to bypass a procedural issue in the interest of judicial economy when the claim clearly fails on the merits. *See Flournoy v. Small*, 681 F. 3d 1000, 1004, n. 1 (9th Cir. 2012); *see also Franklin v. Johnson*, 290 F. 3d 1223, 1232 (9th Cir. 2001); *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)(noting that, in the interest of judicial economy, courts may proceed to the merits in the face of procedural issues). As explained herein, Hensley fails to state a claim upon which relief may be granted.

As set forth above, the Montana Supreme Court denied Hensley habeas relief finding that he had been provided the process due and that his sentence was legal and facially valid under state law. To the extent that Hensley believes the Montana Supreme Court misinterpreted and/or misapplied state law, the claim is

not cognizable. The federal habeas statute grants the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Hensley has not demonstrated that the Montana Supreme Court erred. But even if he could do so, the claim does not warrant relief. A violation of state law, without more, does not deprive a petitioner of a federal constitutional right. *Cooks v. Spalding*, 660 F. 2d 738, 739 (9th Cir. 1981), *cert. denied*, 455 U.S 1026 (1982). It has long been understood that a state may violate its own law without violating the United States Constitution. *Gryger v. Burke*, 334 U.S. 728, 731 (1948)("We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question."). To qualify for federal habeas relief, an error of state law must be "sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment." *See Pully v. Harris*, 465 U.S. 37, 41 (1984). Hensley has not shown that any state law violation occurred, much less that such error was "so arbitrary and fundamentally unfair" that it violated his right to due process or equal protection.

*See Jammal v. Van de Kamp*, 926 F. 2d 918, 920 (9th Cir. 1991)(quotation omitted).

While Hensley may disagree with the District Court's sentence and the manner in which the reporting requirement occurred, he has not shown the sentence itself is unlawful, much less that it is an "exceedingly rare and extreme case" in which a grossly disproportionate sentence has been imposed in violation of the Eighth Amendment. *See e.g., Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). Moreover, Hensley cannot convert this state law issue into one of federal import merely by invoking the specter of a Fourteenth or Eighth amendment violation. *See Langford v. Day*, 110 F. 3d 1380, 1389 (9th Cir. 1996), *cert. denied* 522 U.S. 881 (1997). Hensley's claims are not cognizable in federal habeas; the petition will be denied.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Because Hensley's claims are not cognizable and lack merit, reasonable jurists would find no basis to encourage further proceedings at this juncture. There are no close questions and there is no reason to encourage additional proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Hensley's Petition (Doc. 1) is DENIED.

2. The Clerk of Court is directed to enter judgment by separate document in favor of Respondents.

3. A certificate of appealability is DENIED.

DATED this 5th day of January, 2026.

*Susan P. Watters*
Susan P. Watters
United States District Court Judge